UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESHAWN D. JOHNSON,

        Plaintiff,

v.                                                  Case No. 21-CV-176

JOHNNA STANONIK,

        Defendant.

## ORDER

On June 16, 2022, plaintiff DeShawn D. Johnson, who is incarcerated at New Lisbon Correctional Institution and representing himself, filed a motion for summary judgment. (ECF No. 25.) On September 2, 2022, defendant Johnna Stanonik filed a motion for summary judgment and a motion for sanctions, alleging that Johnson fabricated a key piece of evidence that supports his claims. (ECF Nos. 31, 35.) On October 27, 2022, Johnson filed his own motion for sanctions, asserting that Stanonik failed to provide photographs in discovery and then produced them in support of her motion for summary judgment. (ECF No. 27.) On November 4, 2022, partially in reply to Johnson's response to Stanonik's motion for sanctions, Stanonik filed a motion for leave to amend her answer. (ECF No. 53.) This order resolves the motions for sanctions and will first address Stanonik's motion for leave to amend her answer because it will inform the remainder of the motions. The motion for summary judgment will be resolved in a separate order.

## MOTION FOR LEAVE TO AMEND ANSWER (ECF NO. 53)

Stanonik files a motion for leave to amend her answer because her attorney, in preparing for summary judgment, learned that Stanonik admitted to two allegations in Johnson's complaint—paragraphs 10 and 11—in error and should have denied them. Specifically, she erroneously admitted that Johnson wrote two Interview/Information Requests and that she responded to both when she really only responded to the first one. While district courts should freely give leave to amend a pleading "when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), in the case of judicial admissions, which "are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding on the party making them," the court may use its discretion to deny a motion for leave to amend a pleading. *Keller v. U.S.*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995); *see also Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005).

Stanonik, whether in error or not, clearly admitted that Johnson submitted, and she responded to, two separate Information/Interview Requests. As discussed below, Johnson relied on that admission in forgoing any discovery he may have conducted had he been made aware that Stanonik claimed that the second Information/Interview Request was a forgery. When given the opportunity when responding to the complaint to allege that the second Information Interview Request was not genuine, and that she never responded to any such Request, Stanonik instead admitted that the Request was what it purported to be and that she in turn responded to it. To allow her now to change her answer and for the first

2

time at summary judgment contend that the document is a forgery to which she never responded is understandably surprising to Johnson, and "[s]urprises such as new arguments or defense theories propagated after the completion of discovery and filing of summary judgment are wisely discouraged." *Crest Hill*, 396 F.3d at 804 (citing *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990)). Stanonik's motion for leave to amend her answer to the complaint will be denied.

### STANONIK'S MOTION FOR SANCTIONS (ECF NO. 35)

Stanonik asserts that Johnson fabricated key evidence supporting his Eighth Amendment and state law negligence claims against her and requests the court dismiss Johnson's claims and assess a strike pursuant to 28 U.S.C. § 1915(g).

*Background*

On May 12, 2020, when Johnson was incarcerated at Waupun Correctional Institution, he notified non-defendant Correctional Officer Mykayla Wade that a bolt had come off of his bunk bed. (ECF No. 33, ¶¶ 1, 4-5.) He gave Wade the bolt, and Wade told Stanonik, a sergeant, that Johnson's bunk was broken. (*Id.*, ¶ 5.) Stanonik then went to speak with Johnson about his bunk. (*Id.*, ¶ 11.)

Later that day, Johnson submitted an "Interview/Information Request" in which he asked "that [Stanonik] verify that on 5-12-20 I gave C.O. Wade the screw—who gave it to you. And at about 1:20 [p.m.] when I was picking up my HSU "KOP" meds, we spoke about this issue and you informed me Cap. Bauer was informed and a work order was filled out." (ECF No. 36-3 at 1.) Stanonik responded

on May 13, 2020, stating "the parts to your bunk are in the Sergeants cage. A work order was placed and WMC was notified." (*Id.*)

Johnson attached to his complaint a second Interview/Information Request, which he asserts he also submitted on May 12, 2020. That Request states, "Sgt. Stanonik, Today (5-12-20) I gave C.O. Wade a screw that came undone from the bunk. The screw came out on the 8th and I've told every C.O. that worked this tier—however no one is listening. Its been about 5 days, this bunk is unstable. Can I move to another cell." (ECF No. 1-1 at 4.) Johnson alleges that Stanonik sent him a response to the second Request on May 12, 2020, in which she simply responded, "NO!." (*Id.*)

Johnson states the next day, May 13, 2020, the bunk collapsed while he was sleeping. (ECF No. 1, ¶ 13.) He fell to the floor, hit his head, and lost consciousness. (*Id.*) He received medical care and was diagnosed with a concussion. (*Id.*)

At screening Johnson was allowed to proceed on a claim for deliberate indifference under the Eighth Amendment and a claim under state law for negligence against Stanonik. (ECF No. 11 at 7.) The court found that Johnson sufficiently alleged that Stanonik was deliberately indifferent because she knew about Johnson's broken bunk and requests to be moved from his cell but ignored them. (*Id.*)

*Analysis*

In responding to Johnson's motion for summary judgment, and in support of her own summary judgment motion, Stanonik now asserts that the second Request

4

is a forgery to which she never responded. (ECF No. 33, ¶ 16.) She notes that her purported response, dated May 12, 2020, looks very different than the response she acknowledges she wrote (in response to the first Request) dated May 13, 2020. (*Id.*, ¶ 17.) Specifically, she states it is not her handwriting because she "loops" the number "2" and uses slashes (\) to separate the month, day, and year instead of a dash (-). (*Id.*) Also Stanonik says that she fully responds to inmate requests and would not just write, "NO!". (*Id.*) Further, Stanonik states that it is not her signature on the response to the second Request. (*Id.*)

However, as noted above, Stanonik admitted in her answer that Johnson filed two Requests and she wrote two responses. Because of these admissions, and Stanonik's failure to bring the issue of forgery to the attention of either the court or Johnson prior to the conclusion of discovery and the filing of summary judgment motions, Johnson has had no opportunity to present evidence that the second Request is not a forgery. Thus, Johnson may rely on Stanonik's answers to the complaint in defending Stanonik's motion for summary judgment. The court will address the substantive impact of the second Request when it resolves Stanonik's motion for summary judgment. Stanonik's motion for sanctions is denied.

### JOHNSON'S MOTION FOR SANCTIONS (ECF NO. 50)

Johnson filed his own motion for sanctions, claiming that Stanonik withheld pictures he requested in discovery. (ECF No. 50.) Johnson asserts that Stanonik lied when in June 2022 she responded to his discovery requests asking for photos of the proper installment of bunks at Waupun. However, when Stanonik responded to

5

Johnson's discovery requests, no photos existed. It was not until Stanonik was preparing her summary judgment materials that she requested Waupun's maintenance superintendent take photos of bunks to assist the court in resolving the summary judgment motions. Johnson received copies of these photos when he received Stanonik's response to his motion for summary judgment. Stanonik did not withhold evidence from Johnson when she responded to his discovery requests, , and Johnson's motion for sanctions is denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Stanonik's motion for leave to file an amended answer (ECF No. 53) is **DENIED**. The proposed amended answer (ECF No. 54) shall be **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Stanonik's motion for sanctions (ECF No. 35) is **DENIED.**

**IT IS FURTHER ORDERED** that Johnson's motion for sanctions (ECF No. 50) is **DENIED.**

Dated at Milwaukee, Wisconsin this 13th day of January, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge