# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DESHAWN D. JOHNSON,

       Plaintiff,

    v.                                     **Case No. 21-CV-176**

JOHNNA STANONIK,

       Defendant.

## ORDER

On February 23, 2023, the court granted the defendant's motion for summary judgment and dismissed this case. (ECF No. 64.) On March 23, 2023, *pro se* plaintiff DeShawn D. Johnson filed a motion to amend the judgment. (ECF No. 65.) Johnson moves under Federal Rule of Civil Procedure 59(e), which allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. Johnson's motion is timely.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12, (7th Cir. 2007)). Johnson argues that the court made a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 244 F.3d 601,

606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Johnson does not demonstrate that the court made a manifest error of law. He generally takes issue with the way the court evaluated and considered his evidence. That is not a basis for granting his motion. *See Oto*, 244 F.3d at 606. As such, the court **DENIES** his motion.

Dated at Milwaukee, Wisconsin this 10th day of May, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

2